UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO HERNANDEZ, | 2:22-cv-0181-KJM-KJN PS |
| Plaintiff, | |
| v. | ORDER |
| JASVIR KAUR d/b/a PARK-N-SAVE LIQUOR, et al. | (ECF No. 15) |
| Defendants. | |

Before the court is defendant Jasvir Kaur's motion for an extension of time to respond to plaintiff's motion for default judgment.[1] (ECF No. 15.) In January 2022, plaintiff filed this suit asserting structural violations of the Americans with Disabilities Act ("ADA") and related laws at a store known as Park-N-Save Liquor, located at 3041 Rio Linda Boulevard in Sacramento, California. (ECF No. 1.) In March 2022, at plaintiff's request, the Clerk of Court entered default against all defendants because they failed to respond to the complaint. (ECF Nos. 8, 9.) On June 6, 2022, plaintiff filed his currently pending motion for default judgment against all three remaining defendants—Jasvir Kaur, Dhiru Patel, and Kokila Patel—who are alleged to own and

---

[1] Because at least defendant Kaur is proceeding without an attorney, this case was referred to the undersigned Magistrate Judge for all pre-trial proceedings, pursuant to 28 U.S.C § 636(a) and Local Rule 302(c)(21). (See ECF No. 17.)

1

operate the store.[2] (ECF No. 13; see ECF No. 1 ¶ 7; ECF No. 13.1 at 2.)

On June 27, 2022, when defendants failed to file any timely opposition to the motion, the undersigned issued a Minute Order vacating the hearing on the motion and granting defendants a further opportunity to respond. (ECF No. 14.) The court ordered plaintiff to serve a copy of the Minute Order on defendants at their last-known address and to file a proof of service. (Id.)

No such proof of service was filed by plaintiff, and on July 19, 2022 (the date of the originally scheduled hearing), defendant Kaur filed the present motion, advising that Kaur and at least one other defendant came to the courthouse that day for the hearing because they did not receive a copy of the court's Minute Order. (ECF No. 15, stating "[w]e came" to the hearing and that the Clerk's office then informed defendants of the Minute Order.) Defendant Kaur's motion requests an extension of time to respond to plaintiff's motion for default judgment; and it also simultaneously requests that the court accept the motion itself as a response to plaintiff's motion. (Id. at 1.) The motion states that on July 11, 2022, defendants received approval from the City of Sacramento to proceed with building plans to bring the store property into compliance with the ADA. (Id. at 1, attaching City development review documents.) Plaintiff has not filed a response to this motion, which is the first appearance by any defendant in this case.

According to plaintiff's motion and its attachments, defendant Kaur is the owner of the Park-N-Save business, while defendants Dhiru Patel and Kokila Patel (a married couple) are landlords who own the property on which it sits. (ECF No. 13.2 ¶¶ 14-15, 22.) It is unclear whether defendant Kaur has any relationship with the Patel defendants beyond this business relationship. The present motion for an extension of time is signed only by defendant Kaur, and the Patel defendants have yet to appear in any capacity in this lawsuit, although they were served at a residential address on Tres Piezas Drive where public records list them as the current owners. (Id. ¶¶ 12, 16-18.) Presumably, however, one or both of the Patel defendants came to the courthouse with defendant Kaur on July 19th in an effort to oppose the motion for default judgment—albeit at the very last opportunity.

---

[2]   A fourth defendant, Parmjit Singh, was voluntarily dismissed from the action in May 2022.

2

The court finds that the above circumstances provide good cause to grant defendants a further extension of time to respond to plaintiff's motion for default judgment. In addition, the court is inclined to further construe defendant Kaur's motion (ECF No. 15) as a motion to set aside the Clerk's entry of default at least as to defendant Kaur, and perhaps as to all three defendants.

Under Federal Rule of Civil Procedure 55(c), the court may set aside the Clerk's entry of default for "good cause." Fed. R. Civ. P. 55(c); see United States v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) (good cause factors for setting aside default); O'Connor v. State of Nev., 27 F.3d 357, 364 (9th Cir. 1994) (district court has especially broad discretion to set aside Clerk's entry of default, as opposed to default judgment).

Defendant Kaur's motion and its exhibits (ECF Nos. 15, 16) suggest that defendants are attempting to remedy the violations asserted in plaintiff's complaint and indicates that at least defendant Kaur is prepared to defend this suit on the merits. Although the Patel defendants have not independently responded to plaintiff's motion or even appeared in the case, the court suspects that may be because the Patels (wrongly) believed that defendant Kaur's motion would apply to all three of them. <u>Defendants are hereby advised that, if they are representing themselves in this lawsuit without the assistance of an attorney, each of them must individually sign any filing submitted to the court in order for that filing to be attributed to them.</u> This is because, in general, non-lawyers may not represent anyone but themselves in court.

The court hereby GRANTS defendants an extension of time to file any further response to plaintiff's motion for default judgment. Within the deadline set below, **defendants Dhiru and Kokila Patel SHALL file with the court a written response** (signed by both of them) advising whether or not they intend to defend themselves in this lawsuit. Defendant Kaur may, but is not required to, file a further response as well.

The court is inclined to order plaintiff, defendant Kaur, and the Patel defendants (if they respond to this order) to participate in a court-assisted settlement conference and/or Voluntary Dispute Resolution Program ("VDRP"), in order to avoid the potentially unnecessary time and expense of litigating the motion for default judgment and any subsequent discovery and motion

practice. See Westchester Fire Ins. Co. v. Mendez, 585 F.3d 1183, 1189 (9th Cir. 2009) ("As a general rule, default judgments are disfavored; cases should be decided upon their merits whenever reasonably possible.").

Within the deadline set below, **plaintiff SHALL show cause** why the court should not (A) construe defendant Kaur's motion for an extension of time as a motion to set aside the Clerk's entry of default against Kaur, and grant that motion; (B) do the same with respect to the Patel defendants; and (C) order whatever parties have appeared in the action to participate in a settlement conference and/or VDRP.  If plaintiff does not object to this course of action, plaintiff SHALL by the same deadline file a stipulation to set aside the Clerk's default against one or more defendants.

**ORDER**

Accordingly, it is HEREBY ORDERED that:

1. Defendant Jasvir Kaur's motion for an extension of time (ECF No. 15) is GRANTED;
2. No later than **September 30, 2022**, defendants Dhiru Patel and Kokila Patel shall file a written response advising whether or not they intend to defend themselves in this lawsuit;
3. No later than **September 30, 2022**, plaintiff shall respond to this order to show cause as outlined above; and
4. In addition to the standard service of this order on defendant Kaur, the Clerk of Court is instructed to also serve a copy of this order on defendants Dhiru Patel and Kokila Patel at 5648 Tres Piezas Drive, Sacramento, CA 95835.

Dated:  September 8, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

hern.0181