UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO HERNANDEZ, | 2:22-cv-0181-KJM-KJN PS |
| Plaintiff, | |
| v. | ORDER |
| JASVIR KAUR d/b/a PARK-N-SAVE LIQUOR, et al. | (ECF Nos. 13, 20.) |
| Defendants. | |

On September 8, 2022, in response to the pro se defendants' last-minute appearance in this case under the Americans with Disabilities Act, the court issued an order to show cause why the court should not set aside the clerk's defaults entered against the three remaining defendants and refer the case to the court's Voluntary Dispute Resolution Program ("VDRP"). (ECF No. 18.) On September 21, 2022, defendants Dhiru Patel and Kokila Patel filed a response confirming that they wish to defend themselves in this case and also attempted to appear at the original hearing date for plaintiff's motion for default judgment in July. (ECF No. 19.)

On September 30, 2022, plaintiff filed a response recognizing the desirability of allowing the case to be heard on its merits (rather than through default proceedings) and expressing willingness to have the case referred to VDRP. (ECF No. 20.) In an effort to comply with the literal words of the court's September 8 order to "file a <u>stipulation</u> to set aside" the entries of

1

default (ECF No. 18 at 4, emphasis added), plaintiff's counsel also provides a declaration describing her thus-far unsuccessful attempt to obtain defendants' signatures on a proposed stipulation to set aside default (ECF No. 20.1).

While the court appreciates plaintiff's counsel's diligence—and appreciates plaintiff's overall willingness to pursue resolution through VDRP—there is no need to obtain defendants' signatures on the proposed stipulation in order to proceed. Defendants will suffer no harm from having the entries of default set aside, so plaintiff's response is sufficient in and of itself.

Accordingly, the court construes defendant Kaur's July 19, 2022 motion (ECF No. 15) as a motion to set aside the Clerk's entries of default against defendant Kaur, and also against defendants D. Patel and K. Patel (in light of their subsequent response, ECF No. 19). The court hereby finds good cause to GRANT that motion, see Fed. R. Civ. P. 55(c) (court may set aside Clerk's entry of default for "good cause"), and accordingly DENIES without prejudice plaintiff's pending motion for default judgment (ECF No. 13).

Further, in light of plaintiff's willingness to proceed to VDRP and in the interest of avoiding the accumulation of fees and costs through potentially unnecessary discovery and motion practice, the court finds it appropriate to STAY the action and refer it to VDRP.

**ORDER**

Accordingly, it is HEREBY ORDERED that:

1. Defendant Jasvir Kaur's motion for an extension of time (ECF No. 15), construed as a motion to set aside default, is GRANTED;
    a. The defaults entered on March 28, 2022 against defendants Jasvir Kaur d/b/a Park-N-Save Liquor, Dhiru Patel, and Kokila Patel (ECF No. 9) are SET ASIDE;
2. Plaintiff's motion for default judgment (ECF No. 13) is therefore DENIED without prejudice;
3. The action is STAYED, and the action is REFERRED to VDRP;
4. **Within twenty-one (21) days** of this order, the parties shall contact the court's VDRP administrator, Sujean Park, at (916) 930-4278 or SPark@caed.uscourts.gov, to start the process of selecting an appropriate neutral;

5. The parties shall carefully review and comply with Local Rule 271, which outlines the specifications and requirements of VDRP;

6. No later than fourteen (14) days after completion of the VDRP session, the parties shall jointly file their VDRP Completion Report, consistent with Local Rule 271(o); and

7. Any party that objects to this referral to VDRP shall file its objections within seven (7) days of this order. Such objections shall clearly outline why that party believes that the action is not appropriate for referral to VDRP.

Dated: October 3, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

hern.0181